IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER HESPENHEIDE | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-289 Erie |
| | ) | District Judge McLaughlin |
| DOCTOR BASHLINE | ) | Magistrate Judge Baxter |
| Defendant. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendant Bashline [Document # 10] be GRANTED.

**II.   REPORT**

**A.   Introduction**

On October 5, 2005, Plaintiff, acting *pro se*, filed the instant action. At the time of the filing of the complaint, Plaintiff was an inmate incarcerated within the State Correctional system of Pennsylvania. Plaintiff names only one Defendant in this action: Doctor Bashline. Plaintiff alleges that Defendant Bashline violated his constitutional rights to be free from cruel and unusual punishment under the Eighth Amendment by providing him with substandard medical care. As relief, Plaintiff seeks monetary damages, along with injunctive relief.[1]

**B.   Standards of Review**

**1.   *Pro Se* Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards

---

[1] Since the filing of this action, Plaintiff has been released from prison. To the extent that Plaintiff seeks injunctive relief against Defendant Bashline, such a request is moot in that Plaintiff is no longer in the custody of the Department of Corrections.

1

than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

    **2.**    **Motion to dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  Therefore, in

order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

Plaintiff has attached several exhibits to his complaint and brief in support of the complaint.  The use of these exhibits by this Court does not convert Defendant's motion to dismiss for failure to state a claim into a motion for summary judgment.  <u>Pryor v. National Collegiate Athletic Association</u>, 288 F.3d 548, 560 (3d Cir. 2002) ("...certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment.").

### C.     Plaintiff's complaint

Plaintiff alleges that prior to his incarceration he was diagnosed as an insulin-dependent diabetic.  Upon his arrival at SCI-Albion, Defendant Doctor Bashline prescribed that 70/30 insulin be administered to Plaintiff twice a day.  The following day, March 23, 2005, Plaintiff went into a diabetic shock.

Plaintiff alleges that his blood sugar fluctuates greatly during the day and that the 70/30 insulin was inappropriate for him without daily blood testing.  Plaintiff expressed this view to Defendant, yet Defendant did not change the prescription.  On April 7, 2005, Plaintiff suffered another diabetic shock.  Plaintiff again complained to Defendant Bashline about the 70/30 insulin and the lack of blood testing.  Defendant Bashline again did not change the prescription.  See Document # 4, Brief in Support of Complaint, pages 2-3.  Plaintiff does not allege that he suffered any further health problems in this regard.

### D.     Deliberate indifference under the Eighth Amendment

Defendant Bashline has moved to dismiss on the basis that Plaintiff has not stated a claim of deliberate indifference upon which relief may be granted.

3

In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). A serious medical need may also be found to exist where the denial or delay of treatment results in "unnecessary and wanton infliction of pain." Id.

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). Mere misdiagnosis or negligent treatment is not actionable under §1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts." Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). See also Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).

Plaintiff has not sufficiently pled that Defendant has exhibited deliberate indifference to his serious medical needs. Further, the record before this Court, as provided by Plaintiff as attachments to his complaint, reveals that Plaintiff received medical treatment for his ailment. It is the course of the medical treatment to which Plaintiff objects. Such a claim of disagreement

does not rise to the level of a constitutional violations and so should be dismissed.

### III.    CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the motion to dismiss filed by Defendant Bashline [Document # 10] be GRANTED.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
Chief United States Magistrate Judge

Dated: May 30, 2006